## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

        **DANNY JOE BLAKENEY,**                  **CASE NO. 09-51102-NPO**

               **DEBTOR.**                          **CHAPTER 7**

**DANNY JOE BLAKENEY**                            **PLAINTIFF**

**V.**                       **ADV. PROC. NO. 09-05063-NPO**

**JASPER COUNTY, MISSISSIPPI**                    **DEFENDANT**

## MEMORANDUM OPINION
## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

       This matter came on for consideration of the Defendant's Motion for Summary Judgment (the "Motion") (Adv. Dkt. No. 23), together with the Defendant's Memorandum in Support of its Motion for Summary Judgment (Adv. Dkt. No. 24), filed by the Defendant, Jasper County, Mississippi ("Jasper County"); the Plaintiff's Response to Defendant's Motion for Summary Judgment ("Trustee's Response") (Adv. Dkt. No. 31), filed by Kimberly R. Lentz (the "Trustee"); and the Defendant's Reply Brief in Support of its Motion for Summary Judgment (Adv. Dkt. No. 33).  In this adversary proceeding (the "Adversary"), Robert A. Byrd represents Jasper County, and Jason B. Purvis represents the Trustee.  The Court, having considered the pleadings and exhibits, and being fully advised in the premises, finds that the Motion is well-taken and should be granted. Specifically, the Court finds as follows:[1]

---

[1] The following constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

**Jurisdiction**

This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

**Facts**

On August 29, 2005, Jasper County suffered damage when Hurricane Katrina's winds toppled trees and scattered debris, blocking county-owned roads and rights of way.  This Adversary arises out of a dispute between the Debtor/Plaintiff, Danny Joe Blakeney ("Blakeney"), and Jasper County, in which Blakeney alleges he was not paid the full amounts due him for the debris-removal work he did in Beats 3 and 5 of Jasper County.  In Count II of the Adversary Complaint (Adv. Dkt. No. 1), Blakeney contends that Jasper County owes him an additional $1,030,442.18 for his work.[2]

Blakeney filed his voluntary petition (09-51102-NPO (the "Main Case") (Dkt. No. 1)) under chapter 11 of the Bankruptcy Code on May 29, 2009.  He served as the debtor-in-possession and was represented by Raymond S. Sussman (*pro hac vice* admission) and M. McIntosh Forsyth (local counsel).  During the period of time the Main Case was a chapter 11 case, Jasper County propounded Defendant's Requests for Admissions (the "Requests for Admissions") in this Adversary on November 25, 2009.  *See* Notice of Service of Pleadings (Adv. Dkt. No. 13).  The Requests for Admissions are deemed admitted ("Deemed Admissions") by default pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") 36(a)(3), made applicable to this proceeding by Federal Rules of Bankruptcy Procedure ("F.R.B.P.") 7036(a)(3).  The Main Case was converted to a chapter 7 case

---

[2] Count I, the only other count in the Adversary Complaint, set forth a "demand for payment for misawarded contracts."  Adversary Complaint, ¶¶ 9-12.  The Trustee has conceded that Jasper County is entitled to summary judgment on Count I.  Trustee's Response, ¶ 2.  This opinion, therefore, will focus on the Motion with regard to Count II of the Adversary Complaint.

by this Court's Order of Conversion (Dkt. No. 186) entered on June 7, 2010. Kimberly R. Lentz was then appointed as the chapter 7 trustee for this case. While the Motion was filed when Blakeney was represented by Mr. Sussman and Mr. Forsyth, the Trustee now defends the Motion on behalf of the bankruptcy estate with Mr. Purvis acting as her attorney.

## Issue

Is Jasper County entitled to a judgment as a matter of law adjudicating that it does not owe Blakeney any money for debris-removal work in Beats 3 and 5 of Jasper County after Hurricane Katrina?

## Standard of Review

F.R.C.P. 56, made applicable to this Adversary pursuant to F.R.B.P. 7056, provides in relevant part, that "[a] party against whom relief is sought may move at any time, with or without supporting affidavits, for a summary judgment on all of part of the claim." F.R.C.P. 56(b). Summary judgment is not disfavored, but rather is looked upon as an important process through which parties can obtain a "just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

Summary judgment is properly entered when the pleadings, depositions, answers to interrogatories, and admissions on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." F.R.C.P. 56(c); Celotex, 477 U.S. at 322. The initial burden is on the movant to specify the basis upon which summary judgment should be granted and to identify portions of the record which demonstrate the absence of a genuine issue of material fact. Id. The burden then shifts to the non-movant to come forward with specific facts, supported by the evidence in the record, upon which a reasonable factfinder could find there

to be a genuine fact issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment should be granted where the non-moving party "has failed to make a sufficient

showing on an essential element of [the] case with respect to which [the party] has the burden of

proof."  Celotex, 477 U.S. at 322.

Furthermore, the existence of a mere scintilla of evidence in support of the non-movant's

position is also insufficient.  See Liberty Lobby, 477 U.S. at 252.  There must be evidence on which

the [factfinder] could reasonably find for the non-movant, and at least one genuine issue of material

fact must exist.  See Middleton v. Reynolds Metals Co., 963 F.2d 881, 882 (6th Cir. 1992).

### Discussion

### A.  Deemed Admissions Generally

F.R.C.P. 36, made applicable to this proceeding by F.R.B.P. 7036, states in pertinent part:

(a) **Scope and Procedure.**
   (1) **Scope.**  A party may serve on any other party a written request to admit, for
purposes of the pending action only, the truth of any matters within the scope of Rule
26(b)(1) relating to:
       (A) facts, the application of law to fact, or opinions about either; and
       (B) the genuineness of any described documents.

\* \* \*

   (3) **Time to Respond; Effect of Not Responding.**  A matter is admitted unless,
within 30 days after being served, the party to whom the request is directed serves on
the requesting party a written answer or objection addressed to the matter and signed
by the party or its attorney.  A shorter or longer time for responding may be stipulated
to under Rule 29 or be ordered by the court.

\* \* \*

(b) **Effect of an Admission; Withdrawing or Amending It.**  A matter admitted
under this rule is conclusively established unless the court, on motion, permits the
admission to be withdrawn or amended. . . .

The Fifth Circuit has found that failure to respond to Requests for Admission results in a deemed admission for each of the matters for which an admission was requested, including ultimate facts. <u>Carney v. IRS</u>, 258 F.3d 415, 419-20 (5th Cir. 2001) (finding that admissions by default are an appropriate basis for granting summary judgment); <u>Hulsey v. State of Texas</u>, 929 F.2d 168, 171 (5th Cir. 1991) (finding no genuine issue of material fact when defendant failed to respond to requests for admission); <u>Campbell v. Spectrum Automation Co.</u>, 601 F.2d 246, 253 (6th Cir. 1979) (court granted summary judgment based upon plaintiff's failure to admit or deny request for admission). An admission of the ultimate fact issue in the case by failing to reply to requests for admissions is sufficient to support summary judgment. <u>Western Horizontal Drilling, Inc. v. Jonnet Energy Corp.</u>, 11 F.3d 65, 70 (5th Cir. 1994). Therefore, pursuant to Fifth Circuit case law, admissions by default are a proper basis for summary judgment if the admissions leave no genuine issues of material fact for trial.

### B. Attempt to Set Aside Deemed Admissions

On August 31, 2010, the Trustee filed the Plaintiff's Motion to Set Aside Admissions (Adv. Dkt. No. 30). Jasper County filed the Defendant's Response to Plaintiff's Motion to Set Aside Admissions ("Jasper County's Response") (Adv. Dkt. No. 32), to which it attached the Requests for Admissions as Exhibit C. After hearing argument of counsel on the issue at a hearing on October 7, 2010, the Court entered the Order [Denying Plaintiff's Motion to Set Aside Admissions] (Adv. Dkt. No. 37) on October 14, 2010, for the reasons set forth on the record at that hearing.

### C. The Deemed Admissions in this Adversary

The following Deemed Admissions[3] by Blakeney are pertinent to the Motion with regard to Count II of the Adversary Complaint:

Deemed Admission No. 2: "Pursuant to the Katrina clean-up contract with Beat 3 of Jasper County, [Plaintiff] admit[s] that the Plaintiff was paid all sums it was entitled to and no claim is asserted for work performed in Beat 3 of Jasper County."

Deemed Admission No. 3: "[Plaintiff] admit[s] that the Plaintiff's contract for Beat 5 of Jasper County was terminated October 3, 2005, effective as of October 14, 2005."

Deemed Admission No. 4: "[Plaintiff] admit[s] that the Plaintiff was told of the termination of its contract for Beat 5 of Jasper County.

Deemed Admission No. 5: "[Plaintiff] admit[s] that Plaintiff performed no work in Beat 5 of Jasper County after October 14, 2005.

Deemed Admission No. 6: "[Plaintiff] admit[s] that the Plaintiff was aware that its contract for Beat 5 of Jasper County was a pay when paid contract; that is the Plaintiff would be paid for work approved by FEMA after FEMA made funds available to Jasper County, Mississippi."

Deemed Admission No. 7: "[Plaintiff] admit[s] that FEMA was responsible for paying approved clean-up costs in Beat 5 of Jasper County."

Deemed Admission No. 8: "[Plaintiff] admit[s] that Jasper County was not responsible for the payment of approved clean-up expenses in Beat 3 or Beat 5 of Jasper County."

---

[3] The Deemed Admissions are taken from the Requests for Admissions attached to Jasper County's Response (Adv. Dkt. No. 32) as Exhibit C.

In the Motion, Jasper County avers that the Deemed Admissions resolve all genuine issues of material fact in favor of Jasper County.  In the Trustee's Response, the Trustee refutes that assertion, asserting that the Affidavit of Danny Joe Blakeney ("Affidavit")[4] demonstrates genuine issues of material fact.   In the Affidavit, Blakeney contradicts information in the Deemed Admissions.  Pursuant to F.R.C.P. 36, however, "a matter admitted under this rule  is conclusively established. . . ."  Additionally, the Court entered an Order [Denying the Plaintiff's Motion to Set Aside Admissions] on October 14, 2010.  Therefore, the Affidavit cannot act to repudiate the Deemed Admissions.  Accordingly, the Court finds that the Affidavit is improper and should not be considered.

The Court finds that the Deemed Admissions resolve all ultimate fact issues in favor of Jasper County.  When read together, the Deemed Admissions state conclusively that: Blakeney is not making a claim for clean-up work performed in Beat 3 of Jasper County (Deemed Admission No. 2); FEMA was responsible for paying approved clean-up costs in Beat 5 of Jasper County (Deemed Admission No. 7); and Jasper County was not responsible for the payment of approved clean-up expenses in Beat 3 or Beat 5 of Jasper County (Deemed Admission No. 8).  Accordingly, Jasper County is entitled to a judgment as a matter of law that it does not owe Blakeney any money for debris-removal work in Beats 3 and 5 of Jasper County after Hurricane Katrina.

### Conclusion

Since the Trustee has conceded that Jasper County is entitled to a judgment as a matter of law on Count I of the Adversary Complaint, the Court finds that Jasper County's Motion should be granted as to Count I of the Adversary Complaint.  Additionally, whereas the Deemed Admissions

---

[4] The Affidavit is Exhibit F to the Trustee's Response. (Adv. Dkt. No. 31).

resolve all ultimate fact issues as to Count II of the Adversary Complaint in favor of Jasper County, the Court finds that Jasper County is entitled to a judgment as a matter of law adjudicating that it does not owe Blakeney any money for debris-removal work in Beats 3 and 5 of Jasper County after Hurricane Katrina.  Accordingly, the Court finds that Jasper County's Motion should be granted. A separate order consistent with this opinion will be entered in accordance with F.R.B.P. 7054 and 9021.

Neil P. Olack
United States Bankruptcy Judge
Dated:  October 29, 2010